ANDERSON TOBIN, PLLC
Aaron Z. Tobin
Texas Bar No. 24028045
J. Seth Moore
Texas Bar No. 24027522
Kendal B. Reed
Texas Bar No. 24048755
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone 972-789-1160
Facsimile 972-789-1606
atobin@andersontobin.com
smoore@andersontobin.com
kreed@andersontobin.com

GENERAL COUNSEL TO DAN LAIN, PLAN TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | (CHAPTER 11) |
| | § | |
| DUNE ENERGY, INC. | § | CASE NO. 15-10336-HCM |
| DUNE OPERATING COMPANY | § | CASE NO. 15-10337-HCM |
| DUNE PROPERTIES, INC. | § | CASE NO. 15-10338-HCM |
| | § | |
| Debtors | § | (JOINTLY ADMINISTERED UNDER |
| | § | CASE NUMBER 15-10336) |
| | § | |
| DAN LAIN, PLAN TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | ADVERSARY NO. _____ |
| | § | |
| TRIMONT ENERGY (NOW), LLC, | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT – PAGE 1 OF 8**

# ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES now, DAN LAIN, in his capacity as Plan Trustee ("Plaintiff") of the Dune Liquidating Plan Trust, and authorized representative of Reorganized Dune Energy, Inc., Reorganized Dune Operating Company, and Reorganized Dune Properties, Inc., and files this original complaint (the "Complaint") against Trimont Energy (NOW), LLC ("Defendant" or "Trimont"). In support of this Complaint, the Plaintiff respectfully states as follows:

## I. PARTIES

1. Plaintiff is the plan trustee of the Dune Liquidating Plan Trust, and authorized representative of Reorganized Dune Energy, Inc., Reorganized Dune Operating Company, and Reorganized Dune Properties, Inc. (collectively, the "Debtors"). The Liquidating Trust Agreement for the Dune Plan Trust (the "Trust Agreement"), is attached to the Confirmation Order. Article V of the Trust Agreement grants authority to the Plaintiff to commence adversary or other legal proceedings to pursue any Causes of Action on behalf of the Trust.

2. Upon information and belief, Defendant is a Texas limited liability company located at Trimont Plaza, Suite 450, 1305 Grandview Avenue, Pittsburgh, PA 15211. Pursuant to Bankruptcy Rule 7004, Defendant may be served with process by mailing a copy of the summons and complaint to the attention of any officer, managing or general agent, or to any other agent authorized to receive service of process. Service of the summons in this adversary proceeding may be made upon Defendant by sending the summons and a copy of the complaint to CT Corporation System, Defendant's registered agent, by certified mail, return receipt requested, at 350 N. Saint Paul Street, Suite 2900, Dallas, TX 75201. An additional summons and copy of the complaint will be sent to Defendant by first class mail at Trimont Plaza, Suite

450, 1305 Grandview Avenue, Pittsburgh, PA 15211, with a copy to its known counsel Joe Esmont, Baker Hostetler, 127 Public Square, Suite 2000, Cleveland, Ohio, 44114-1214.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. §§ 157 (a)-(b) and 1334 (b).

4. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 (a).

6. This adversary proceeding is brought pursuant to the laws of the State of Texas and/or one or more of sections of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The allegations made herein by Plaintiff are made in the alternative as allowed under the Federal Rules of Civil Procedure 8(e), as made applicable to this adversary by Bankruptcy Rule 7008.

## III. FACTUAL ALLEGATIONS

7. On March 8, 2015 (the "Petition Date"), Dune Energy, Inc., Dune Operating Company, and Dune Properties, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

8. On September 18, 2015, this Court entered an order [Dkt. 560] (the "Confirmation Order") confirming the Chapter 11 Plan of the Debtors dated September 18, 2015 (the "Plan"). The Debtors' estates have been substantively consolidated under the terms of the Plan.

9. On September 30, 2015, the Debtors filed a Notice of Effective Date of the Chapter 11 Plan of the Debtors [Dkt. 574]. The Effective Date of the Plan was September 30, 2015. October 30, 2015 was the deadline for filing Administrative Claims (as defined in the Plan).

10. Pursuant to Section 3.3 of the Plan, the Reorganized Debtors shall pay allowed administrative claims from the Administrative and Priority Claim Reserve (as defined in the Plan) on the later of the Effective Date or ten days after such claim becomes allowed.

11. Oil Mop, LLC (including any successor or subrogor to the claims, "OMIE") filed a motion on October 19, 2015, seeking allowance of an administrative expense claim in the amount of $1,022,880.00. Premiere Industries, LLC (including any successor or subrogor, "Premiere") filed a motion on October 21, 2015, seeking allowance of an administrative expense claim in the amount of $53,955.52.

12. The motions of OMIE and Premiere seek administrative expenses for work OMIE and Premiere did in cleaning up an oil spill at Garden Island Bay, LA (the "Oil Spill"). Plaintiff objected to the administrative expenses sought by OMIE and Premiere because they are not obligations of the Debtors or Reorganized Debtors, and as such, they should not be allowed or paid from the Administrative and Priority Claim Reserve. Rather, these are obligations of the Defendant.

13. On July 10, 2015, the Court entered its Order (A) Approving Purchase Agreement, (B) Authorizing Sale Free and Clear of all Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief Trimont Energy (NOW), LLC [Dkt. 378] (the "Sale Order"). The Sale Order, among other things, approved the Purchase and Sale Agreement dated June 30, 2015 (the "PSA") between Debtors and Defendant. A true and correct copy of the Sale Order, which includes the PSA, is attached hereto. One of the fields included in the assets purchased by Trimont was Garden Island Bay, where the Oil Spill occurred. The PSA was effective as of 7:00 a.m. Houston, Texas time on July 1, 2015 (the "Effective Time"). The PSA, in section 12.01(c), makes it clear that Trimont assumed:

> all Liabilities relating in any way to the Assets (including Seller's operation of such Assets at any time) arising under Environmental Law or

arising from, attributable to or alleged to be arising from or attributable to, a violation of or the failure to perform any obligation imposed by any Environmental Law or otherwise relating to the environmental condition of the Assets; FOR AVOIDANCE OF DOUBT, BUYER'S ASSUMPTION, AND AGREEMENT TO PAY, PERFORM OR DISCHARGE SUCH LIABILITIES APPLIES REGARDLESS OF WHETHER THE LIABILITIES ARE THE RESULT OF: (i) STRICT LIABILITY, (ii) THE VIOLATION OF ANY LAW BY ANY PERSON INCLUDING SELLER OR BY A PRE-EXISTING CONDITION OR (iii) THE SOLE, CONCURRENT OR COMPARATIVE NEGLIGENCE OF ANY PERSON INCLUDING SELLER

14. When Trimont and Debtors became aware of the Oil Spill, they entered into a first amendment to the PSA, which is attached to the Sale Order. The amendment specifically addressed the Oil Spill. It states:

> Section 2.01 A new Section 6.08 is hereby added to the Agreement as follows:
> "Section 6.08 Seller agrees to use its best efforts from the Execution Date to the Closing to clean up the Garden Island Spill in accordance with accepted practices, which generally includes placing booms around the affected area, removing affected vegetation, vacuuming or otherwise removing the sheen and finally removing the booms, including obtaining all required regulatory approvals and giving all required regulatory notices (the "Clean Up"). In the event the Clean Up is not completed by the Closing Date, Buyer agrees to assume the remaining Clean Up responsibility. Seller will pay the first $250,000 of the Clean Up costs, which will satisfy the deductible on its applicable insurance policy. If there is Clean Up remaining at the Closing Date, Seller will assign Buyer the insurance claim and the right to recover its remaining costs for the Clean Up under the policy. Buyer will accept the failed flow line in its current condition at the Closing and will be responsible for the costs of replacement of the flow line if Buyer choses to replace it. Prior to the Closing Date, Seller shall provide evidence to Buyer that Seller has submitted this claim to its insurer and the insurer has accepted coverage for the claim."

15. On November 24, 2015, Defendant filed its reply to Plaintiff's objections to the motions of OMIE and Premiere [Dkt. 615], in which it takes the position that it did not assume the liabilities for the Oil Spill pursuant to the PSA. Defendant has refused to pay such liabilities in breach of the PSA, thus necessitating this adversary proceeding.

## IV. FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

16. Paragraphs 1 through 15 are repeated and incorporated herein by reference.

17. Under the Uniform Declaratory Judgment Act, this Court has the power to declare rights, status and other legal relations whether or not further relief could be claimed. See 28 U.S.C. § 2201 et seq.

18. The PSA is a valid and binding contract governed by Texas law. Trimont assumed the liabilities for the Oil Spill, including those to OMIE and Premiere for the reasons stated above and according to any and all other grounds authorized by law.

19. Plaintiff requests that this Court declare the liabilities for the Oil Spill, including those to Premiere and OMIE, to be the obligation of Defendant, and declare that Plaintiff has no obligation to satisfy such liabilities. Plaintiff further requests this Court to grant a judgment to Plaintiff for its costs, as well as its reasonable and necessary attorneys' fees, spent in pursuit of this declaratory judgment action.

20. Alternatively, should the Court determine that both Defendant and Plaintiff are liable for the Oil Spill, including the amounts sought by OMIE and Premiere, Plaintiff requests that this Court declare that Defendant is liable to reimburse Plaintiff for any amount paid by Plaintiff towards the liability for the Oil Spill. Plaintiff further requests this Court to grant a judgment to Plaintiff for its costs, as well as its reasonable and necessary attorneys' fees, spent in pursuit of this declaratory judgment action.

## V. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

21. Paragraphs 1 through 20 are repeated and incorporated herein by reference.

22. By refusing to pay the liabilities which it assumed, Defendant breached the PSA, and is liable to Plaintiff for damages equal to any amount Plaintiff has paid toward the liabilities

for the Oil Spill, as well as Plaintiff's attorneys' fees and costs spent in pursuit of this adversary proceeding.

23. Therefore, Plaintiff seeks recovery of the aforementioned damages, attorneys' fees, expenses and costs.

## VI. THIRD CAUSE OF ACTION: BREACH OF CONTRACT

24. Paragraphs 1 through 23 are repeated and incorporated herein by reference.

25. The PSA is a valid and binding contract governed by Texas law. Under that PSA, the parties thereto were obligated to complete a final accounting to true-up monies owed by the Purchaser. A final accounting statement was submitted by Dune to Trimont pursuant to the PSA seeking approximately $70,000 as more specified in such final accounting statement.

26. Although Trimont concedes it owes monies under that Final Settlement Statement, Trimont has never paid either (i) the amounts demanded, or (ii) the amounts it concedes are indisputably owed. Plaintiff has tendered the final settlement statement and no monies have been paid to date. Accordingly, Trimont is in breach of the PSA.

27. Plaintiff further requests this Court to grant a judgment to Plaintiff for the monies owed, its costs, as well as its reasonable and necessary attorneys fees, spent in pursuit of this breach of contract action.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court cite Defendant to appear and answer the Complaint. Plaintiff further prays that, on final hearing hereof, Plaintiff have judgment against Defendant for the following relief:

(a) Declaratory judgment declaring the liabilities for the Oil Spill, including those to Premiere and OMIE, to be the obligation of Defendant, and declare that Plaintiff has no obligation to satisfy such liabilities, or in the alternative that Defendant is liable to reimburse Plaintiff for any amount paid by Plaintiff towards the liability for the Oil Spill;

(b)  Payment of all monies owed by Trimont to Dune with respect to any obligations it owes or has incurred, which are the obligations of Trimont under the PSA in relation to the claims of OMIE and Premier with regard to the Oil Spill;

(c)  Payment of all monies owed by Trimont under the Final Settlement Statement;

(d)  Attorneys' fees and disbursements incurred in enforcing rights under the PSA;

(e)  Costs of court, as well as expenses incurred in enforcing the PSA; and

(f)  Any and all other relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

DATE: September 30, 2016.

Respectfully submitted,

/s/ J. Seth Moore
ANDERSON TOBIN, PLLC
Aaron Z. Tobin
Texas State Bar No. 24028045
J. Seth Moore
Texas Bar No. 24027522
Kendal B. Reed
Texas Bar No. 24048755
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone:  972-789-1160
Facsimile:   972-789-1606
atobin@andersontobin.com
smoore@andersontobin.com
kreed@andersontobin.com

COUNSEL TO DAN LAIN, PLAN TRUSTEE AND REPRESENTATIVE OF REORGANIZED DEBTORS

FORM 1040 (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Dan Lain, plan trustee and rep of reorg debtors | **DEFENDANTS**<br>Trimont Energy (NOW), LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>J. Seth Moore, Anderson Tobin, PLLC, 13355 Noel Rd., Ste. 1900, Dallas, TX 75240, 972-789-1160 | **ATTORNEYS** (If Known)<br>Pamela Gale Johnson, Baker & Hostetler, LLP, 811 Main St., Ste. 1100, Houston, TX 77002-6111. 713-751-1600 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of contract and declaratory judgment that Defendant assumed certain liabilities under the contract.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 75,000.00 |

Other Relief Sought
Attorney's fees and costs

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Dune Energy, Inc. et al ||| BANKRUPTCY CASE NO.<br>15-10336-HCM ||
| DISTRICT IN WHICH CASE IS PENDING<br>Western || DIVISIONAL OFFICE<br>Austin | NAME OF JUDGE<br>H. Christopher Mott ||
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. ||
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE ||
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE<br>9/30/2016 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>J. Seth Moore |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.